**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

WILLIE HALL,

        Plaintiff,

        v.

CHIQUITA PAULK,

        Defendant.

CIVIL ACTION NO.: 5:14-cv-54

**O R D E R**

Plaintiff, who currently lists Jenkins Correctional Center in Millen, Georgia, as his place of incarceration, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. The Court served Plaintiff's Complaint based on his assertions that Defendant Chiquita Paulk retaliated against him after he filed grievances against her. (Doc. 8.) Defendant has filed a "Motion for Summary Judgment" (doc. 24), a Motion to Preserve Testimony (doc. 29), and a Motion in Limine (doc. 21). The Court rules on these Motions as follows.

## I.    Defendant's Purported Motion for Summary Judgment

This case presents the Court with some unique procedural issues. Plaintiff filed a Third Motion to Amend his Complaint on February 19, 2015, (doc. 19), and the Court granted that Motion by Order dated June 8, 2015. (Doc. 26.) Concurrent with the granting of Plaintiff's Motion, his Amended Complaint, which was attached to his Motion, (doc. 19-1), was filed. (Doc. 27.) On this same date, Defendant submitted a document her counsel filed as a "Motion for Summary Judgment". (Doc. 24.) The Clerk of Court issued a Notice advising Plaintiff a

Motion for Summary Judgment had been filed, and that he had until July 2, 2015, to file any desired Response. (Doc. 25.) Plaintiff did not file a Response.

Upon the Court's review of Defendant's "Motion for Summary Judgment" in order to make a recommended disposition of what appeared to be an unopposed Motion for Summary Judgment, two things were discovered. First, the pleading filed as a "Motion for Summary Judgment" actually is not a motion at all; rather, this pleading is Defendant's Memorandum of Law in Support of her Motion for Summary Judgment (which does not appear upon the docket and record of this cause of action). Additionally, Defendant did not include with her filing a separate statement of material facts, as required by this Court's Local Rules. Local R. 56.1 ("Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof."). Based on these deficiencies, the Clerk of Court is **DIRECTED** to amend the filing of Document Number 24 to show that this pleading is a "Memorandum" and to **TERMINATE** this pleading as a motion. In addition, Defendant is **ORDERED** to submit a properly filed Motion for Summary Judgment with any and all required supporting documentation within ten days of this Order. Defendant's properly filed Motion then will be considered timely filed. Once Defendant files these pleadings, the Clerk of Court is **DIRECTED** to review these submissions, and, if these submissions are properly filed, the Clerk of Court is also **DIRECTED** to re-issue the Notice to Plaintiff that a Motion for Summary Judgment has been filed. Once Plaintiff files a Response or his time to do so has elapsed, the Court will review Defendant's Motion for Summary Judgment.

## II.    Motion to Preserve Testimony (Doc. 29)

At the time Defendant filed this Motion, she stated she had returned to work recently following medical procedures and that she remained under treatment.  (Doc. 29, p. 1.)  Defendant states she may not be able or available to attend trial given the nature of her treatment, should this case proceed to trial.  Defendant seeks to preserve her testimony for later use at trial or for other purposes based on medical reasons.  Defendant further proposes that the deposition should proceed in the same manner as that outlined for discovery depositions in the Court's Order dated November 3, 2014.  (Doc. 8, pp. 3–4) (citing Fed. R. Civ. P. 30(c).)  Defendant proposes that she provide Plaintiff with reasonable notice of the taking of her deposition so that he may propound questions to Defendant by written questions due to his incarcerated status.

Defendant's Motion is **GRANTED WITH MODIFICATION**.  Defendant may preserve her trial testimony by deposition.  However, given that this testimony will be for use at trial and not merely for purposes of discovery, Defendant's counsel shall arrange for this deposition to be taken in a manner that Plaintiff can personally attend the deposition (likely at the place of Plaintiff's confinement) and propound questions to Defendant directly.  Should counsel be unable to arrange for Defendant's deposition to proceed in this manner, he may contact the Court for further relief.

## III.    Motion in Limine (Doc. 21)

Defendant asserts that Plaintiff does not allege he suffered a physical injury as a result of her alleged actions.  Instead, Defendant contends, Plaintiff only claims that, as a result of Defendant's actions, he was transferred away from his home.  Defendant requests that the Court enter an order than Plaintiff may not seek, offer into evidence, or receive anything other than nominal damages.

Defendant's Motion would be more appropriately addressed in a dispositive motion. Gold Cross Ems, Inc. v. Children's Hosp. of Ala., 309 F.R.D. 699, 702 (S.D. Ga. 2015) ("[T]he Federal Rules of Civil Procedure contain multiple rules allowing parties to dismiss claims; there is no need to disguise a motion for summary judgment in the clothing of a motion in limine. Instead, the proper courses are a timely filed motion for summary judgment or a motion for judgment as a matter of law.") Accordingly, Defendant's separately filed Motion is **DENIED WITHOUT PREJUDICE**. Should Defendant wish for the Court to consider the relative merits of her contention that Plaintiff can receive no more than nominal damages, she can set forth her arguments in her properly-filed Motion for Summary Judgment.

**SO ORDERED**, this 8th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA